AIN–DUS–O–KEE–SHIG and Others v. GUS H. BEAULIEU and Another.[1]

May 11, 1906.

Nos. 14,717—(86).

**Indian Trustees—Parties to Action.**

The individual Indians who were directed by the tribe, according to the usage thereof, to act as custodians of a tribal fund, are the proper parties to maintain an action for conversion thereof which took place outside the reservation. The district court has jurisdiction of the subject-matter and of the parties. Bem-way-bin-ness v. Eshelby, 87 Minn. 108. *Held*, the

[1]Reported in 107 N. W. 820.

fact that one of the parties charged with the conversion was originally one of the tribal representatives intrusted as a custodian of the fund does not prevent the other custodians from recovering the money as against him; it appearing that he had severed his tribal relations with the band and removed from the reservation, and had converted the money to his own use.

**Pleading—Complaint.**

The complaint states facts sufficient to constitute a cause of action, and it was not necessary to allege that neither the custodians nor the beneficiaries of the fund had selected or designated the lands which were to be purchased.

Appeal by defendants from an order of the district court for Stearns county, Searle, J., overruling a demurrer to the complaint. Affirmed.

*H. S. Locke,* for appellants.
*Stewart & Brower,* for respondents.

LEWIS, J.

Action in conversion to recover $10,020. The complaint states that an act of Congress was approved May 27, 1902, for the purpose of perfecting certain treaty stipulations with various tribes of Indians; that a band of about nine hundred Chippewa Indians, consisting of men, women, and children, formerly occupying a reservation at Mille Lacs lake, were the beneficiaries under the act and entitled to the sum of $40,000, or so much thereof as might be necessary to pay the Indians for improvements made by them upon their lands on the reservation; that the same was to be paid under the supervision of the secretary of the interior; that the act provided that the appropriation should be paid over to the Indians only after they should by proper council proceedings have accepted the provisions of the act and declared the manner in which they wished the money disbursed.

The complaint further states that subsequent to the passage of the act, about $10,020 of the amount appropriated was paid over to the Indians for the purposes stated in the act, and that by council proceedings held for that purpose the Indians declared and determined that the sum of $10,020 be placed to the credit of the band in the First National Bank of St. Paul, there to be held for the purpose of purchasing lands on the shores of Mille Lacs lake, as they might desire; that

accordingly such money was placed in that bank to the credit of the band of Mille Lacs Chippewa Indians for their joint use and purposes as a band, to be disposed of by them in the manner provided by their tribal rules and regulations; that June 30, 1903, a council was held at the Mille Lacs reservation, and it was then determined that the $10,-020 should be transferred to the First National Bank of St. Cloud, payable to the order of the four chiefs of the band, respondents, and appellant Wah-we-ye-cumig; and it was further voted and determined by the council that the four chiefs should expend the money directed by previous councils in the purchase of lands at Mille Lacs lake, and that the First National Bank of St. Cloud was authorized by the council to pay the money over to the four chiefs for that purpose; that the four chiefs mentioned went to St. Cloud and received from the First National Bank a check for $10,020, which they indorsed and turned over to appellants for the purpose of cashing it, and thereupon appellants received the money from the bank with the understanding and under the agreement that it should be used by them under the direction of the four chiefs for the purpose of purchasing real estate, according to the determination of the council; that appellant Beaulieu, without authority, converted the money to his own use and has not expended any part of it for the purposes for which it was intrusted to him.

The complaint also states that appellant Wah-we-ye-cumig has severed his tribal relations with the band of Indians at the Mille Lacs reservation, and is no longer a member thereof or interested in the money in any way, and that respondents institute this action in their own behalf as individuals, and as custodians of the money for and on behalf of any and every individual member thereof, and of all persons similarly situated, being too numerous to mention.

This complaint was demurred to upon the ground, first, that it appears upon the face of the complaint that respondents have not legal capacity to sue; and, second, that the complaint does not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and defendants appealed.

That respondents have legal capacity to maintain the action was decided by the case of Bem-way-bin-ness v. Eshelby, 87 Minn. 108,

91 N. W. 291. It was there held that a tribal Indian, whether a citizen or not, may maintain an action in the courts of this state to redress any wrong committed outside the limits of his reservation against his person or property, and that the district court had jurisdiction of the subject matter of the action and the parties thereto, although the plaintiffs were tribal Indians living on their reservation.

Respondents bring this action in their individual capacity, representing themselves and all members of their tribe. The transaction by which appellants came into possession of the money took place outside the reservation, in St. Cloud. The First National Bank handed the check over payable to the order of the four chiefs, who indorsed it and drew out the money to be used for the purpose of carrying out the trust which had been imposed upon them. The money was then in their possession as individuals, although representing not only themselves but also all the members of their tribe. The money was intrusted to appellants for the purpose of enabling the four chiefs to more efficiently carry out the trust, and if appellants converted it to their own use they will not be permitted to raise the question of jurisdiction, or to contend that the actual parties interested in the money maintained tribal relations on the reservation. The transaction was outside of the reservation, and the courts of the state were open to them as a medium to adjust the wrong. Appellants cannot defeat the action upon the ground that it was brought by three of the chiefs against one who was originally entitled as a chief to act as one of the custodians. The complaint states that appellant Wah-we-ye-cumig severed his relations with the band and is no longer a member thereof. Such being the case, he had no authority to hold the money.

2. The complaint states facts sufficient to constitute a cause of action. It was not necessary that the Indians designate any particular lands to be purchased, or that they call upon appellants to pay the money over for the purchase of any particular land. If appellants converted the money to their own use, respondents were entitled to repossess themselves of it, and were bound, under the vote of the council, to carry out the directions of the tribe and use it for the purposes designated.

Order affirmed.